UNITED STATES of America,
Appellee,

v.

Rosalio RIOS–MELENDRES,
Appellant.

No. 03–1245.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 16, 2003.

Decided Feb. 3, 2004.

Kevin C. Fletcher, U.S. Attorney's Office, Sioux City, IA, for Plaintiff–Appellee.

Rosalio Rios–Melendres, #02409–029, Federal Correctional Institution, Anthony, TX, pro se.

Phillip O. Peterson, Peterson Law Office, Beresford, SD, for Defendant–Appellant.

Before WOLLMAN, JOHN R. GIBSON, and RILEY, Circuit Judges.

PER CURIAM.

Rosalio Rios–Melendres pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine. He was sentenced to 121 months of imprisonment. He now appeals, arguing that the district court[1] erred in failing to grant his request for a downward departure to 108 months of imprisonment. We affirm.

Rios–Melendres was convicted of a crime that requires the imposition of a mandatory minimum sentence of 120 months. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court may impose a sentence below the mandatory minimum in two circumstance: where the government makes a substantial assistance motion under 18 U.S.C. § 3553(e) or where the defendant is eligible for safety-valve treatment under 18 U.S.C. § 3553(f). The government did not make a motion for a downward departure, and Rios–Melendres was not eligible for safety-valve treatment because he had four criminal history points, yielding a category III,[2] and because he did not disclose all relevant information to the government. So, the district court could not have imposed a sentence below the statutory mandatory minimum of 120 months.

Although it could have departed downward to a sentence of 120 months, the district court denied as not justified by the facts Rios–Melendres' motion for a downward departure under U.S.S.G. § 5K2.0 based upon his family circumstances. Such a decision is not subject to review. *United States v. VanHouten*, 307 F.3d 693, 697 (8th Cir.2002).

The sentence is affirmed.

---

1. The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

2. Although the district court granted his unopposed motion to reduce his criminal his-

tory category to I, Rios–Melendres still did not qualify for safety-valve treatment. *United States v. Webb*, 218 F.3d 877, 881–82 (8th Cir.2000).